JUN KAI ZHANG, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,[1] Respondent.

No. 07–3342–ag.

United States Court of Appeals, Second Circuit.

April 28, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Tina Howe, Law Office of Wong & Partners, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Greg Mack, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner, Jun Kai Zhang, a native and citizen of China, seeks review of a July 17, 2007 order of the BIA affirming the January 5, 2006 decision of Immigration Judge ("IJ") George T. Chew denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhang*, No. A 98 358 178 (B.I.A. July 17, 2007), *aff'g* No. A 98 358 178 (Immig. Ct. N.Y. City Jan. 5, 2006). We assume the parties'

familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

█ Zhang asserts that he established both past persecution and a well-founded fear of future persecution because his mother and aunt were forcibly sterilized under China's family planning policy for having more than one child. This Court has squarely rejected the notion that *"children* of those directly victimized by coercive family planning policies" are *per se* eligible for relief. *Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005); *Tao Jiang v. Gonzales,* 500 F.3d 137, 142 (2d Cir.2007) (finding that sterilization of a petitioner's mother did not constitute past persecution of the petitioner). Applicants must base their claims on "persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir.2007)(en banc); *see Tao Jiang,* 500 F.3d at 141. Although Zhang asserts that he has a well-founded fear of persecution

because he would also be sterilized if he has more than one child, the IJ properly rejected that claim as speculative where he is unmarried, has no children, and has never had an encounter with the family planning authorities. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005) (holding that, absent "solid support" in the record for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best" even though his wife was pregnant with their second child).

█ Therefore, the IJ properly denied asylum where Zhang failed to establish either past persecution or a well-founded fear of persecution. *See* 8 U.S.C. § 1101(a)(42). Because Zhang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Because Zhang has failed to sufficiently challenge the denial of his CAT claim or any claim based on his illegal departure from China or his asserted fear of loan sharks before this Court, we deem any such challenges waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.